UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

c

| | |
|---|---|
| MOHAMMAD EL ASMAR, Petitioner | CIVIL ACTION NO. 1:16-CV-860; SEC. P |
| VERSUS | CHIEF JUDGE DRELL |
| WARDEN, LASALLE DETENTION FACILITY, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Before the Court is a petition for writ of *habeas corpus* (28 U.S.C. § 2241) filed by *pro se* Petitioner Mohammad El Asmar ("El Asmar"), who was an immigration detainee in the custody of the Department of Homeland Security/Bureau of Immigration and Customs Enforcement ("ICE"). At the time he filed his petition, El Asmar, a native and citizen of Jordan, was being detained at the LaSalle Detention Center in Jena, Louisiana. In his petition, El Asmar alleges that his continued detention pending removal is unconstitutional, and requests that he be released from custody. (Doc. 1).

Respondent filed a Motion to Dismiss (Doc. 15) in response to El Asmar's petition. In the memorandum accompanying the response, Respondent advised that it would update the Court on any developments in El Asmar's removal proceedings after the hearing scheduled for October 17, 2016, in immigration court. (Doc. 15-1, p. 14).

Following the October 17 hearing, Respondent filed a second Motion to Dismiss. (Doc. 18). Respondent shows, through an affidavit by Richard A. Brooks, Assistant Field Office Director of the ICE facility in Oakdale, Louisiana, that El Asmar was released from ICE custody on October 21, 2016. (Doc. 18-1).

Since El Asmar has been released from ICE custody and has therefore achieved the relief requested in his habeas petition, El Asmar's habeas petition has been rendered moot. See Roberson v. Hiatt, 188 F.2d 162 (5th Cir. 1951) (ordering District Court to dismiss petition for habeas corpus as moot where the appellant was released); Bienvinido v. Holder, No. 1:13-cv-1528, 2013 WL 6075642 (W.D. La. Nov. 18, 2013) ("[S]ince [petitioner] has been released and thus has achieved the sole relief requested in his habeas petition, [his] habeas petition has been rendered moot."); Goldin v. Bartholow, 166 F.3d 710, 717 (5th Cir. 1999) ("[A] moot case presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issues it presents.").[1]

Based on the foregoing, IT IS RECOMMENDED that the Respondent's Second Motion to Dismiss (Doc. 18) be GRANTED, Respondent's first Motion to Dismiss (Doc.

---

[1] It is further noted that mail from this court sent to El Asmar on November 14, 2016 was returned to the Clerk of Court on November 22, 2016, stamped "Return to Sender. No Longer Here." Obviously, after El Asmar was released, he failed to provide the Court his new address. Local rule LR41.3W provides that the failure of a pro se litigant to keep the Court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the Court for the reason of an incorrect address and correction is not made to the address for a period of 30 days. El Asmar's failure to inform the Court of his address change within 30 days provides another ground for dismissal of his habeas petition.

15) be DENIED AS MOOT, and that El Asmar's habeas petition be DISMISSED AS MOOT.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this _29th_ day of December, 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge